UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,

                              Petitioners,

-against-

SUKHMANY CONSTRUCTION, INC.,

                              Respondent.

16 CV _____

**PETITION TO CONFIRM AN ARBITRATION AWARD**

---

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation, and the New York City District Council of Carpenters ("Petitioners" or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP, as and for their Petition to Confirm an Arbitration Award, respectfully allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

### NATURE OF THE ACTION

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and section 9 of the

Federal Arbitration Act, 9 U.S.C § 9, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement between the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Sukhmany Construction, Inc. ("Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") (the ERISA Funds and the Charity Fund shall be referred to as the "Funds") is a Trustee of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a New York not-for-profit corporation.

7. Petitioner Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of Respondent.

8. Respondent is a corporation incorporated under the laws of the State of New York. At all relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Respondent maintains its principal place of business at 95-01 134th Street, Jamaica, New York 11419.

## **RESPONDENT'S AGREEMENTS**

9. On November 4, 2013, Respondent executed an Affidavit of Project Labor Agreement for work performed on P.S. 204K in Brooklyn, New York ("P.S. 204K PLA Affidavit"). A copy of the P.S. 204K PLA Affidavit is annexed hereto as **Exhibit A**.

10. On March 1, 2014, Respondent executed an Affidavit of Project Labor Agreement for work performed on P.S. 61M in New York, New York ("P.S. 61M PLA Affidavit") (both the P.S. 204K PLA Affidavit and the P.S. 61M PLA Affidavit are collectively referred to as the "PLA Affidavits"). A copy of the P.S. 61M PLA Affidavit is annexed hereto as **Exhibit B**.

11. The PLA Affidavits bind Respondent to the "Project Labor Agreement Covering Specified Construction Work Under the Capital Improvement Program for Fiscal Years 2009-2014" between the New York School Construction Authority and the Building and Construction

Trades Council of Greater New York and Vicinity (the "PLA"). A copy of the PLA is annexed hereto as **Exhibit C**.

13. The PLA further binds Respondent to the "written terms of the legally established jointly trusteed Trust Agreements specifying the detailed basis on which payments are to be paid into . . . with regard to Program Work done under this Agreement . . . ." *Id.*, Article 11, Section 2.B.

13. The above-referenced Trust Agreements include: (1) the Amended Agreement and Declaration of Trust of the New York City District Council of Carpenters Welfare Fund (the "Welfare Fund Trust Agreement") (annexed hereto as **Exhibit D**); (2) the Amended Agreement and Declaration of Trust of the New York City District Council Carpenters Pension Fund (the "Pension Fund Trust Agreement") (annexed hereto as **Exhibit E**); (3) the Amended Agreement and Declaration of Trust of the New York City District Council of Carpenters Apprenticeship, Journeymen Retraining, Educational and Industry Fund (the "Apprenticeship Fund Trust Agreement") (annexed hereto as **Exhibit F**); and (4) the Amended Agreement and Declaration of Trust of the New York City District Council of Carpenters Annuity Fund (the "Annuity Fund Trust Agreement") (annexed hereto as **Exhibit G**) (collectively referred to as the "Trust Agreements").

14. The Trust Agreements further bind Respondent to the "Statement of Policy for Collection of Employer Contributions adopted by the Board of Trustees of the New York City District Council of Carpenters Fringe Benefit Funds" (the "Collection Policy"). The Collection Policy is annexed hereto as **Exhibit H**.

15. The PLA further requires Respondent to pay timely contributions on behalf of all employees covered by the applicable local collective bargaining agreements of those signatory affiliates. **Exhibit C**, Article 11, Section 2.A.

16. The PLA lists the "Carpenter District Council" as a signatory affiliate. **Exhibit C**, pg. 51.

17. Respondent is bound to the Building Construction Agreement between the Building Contractors Association, Inc. and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO (the "CBA"), which is among the applicable local collective bargaining agreements referenced by the PLA. A copy of the CBA is annexed hereto as **Exhibit I**.

18. The PLA, Trust Agreements, Collection Policy and CBA require Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union. *See* **Exhibit C**, Article 11, Section 2; **Exhibits D-G**, Article IV; **Exhibit H**, Section 2; **Exhibit I**, Article XV.

## THE AUDIT AND ARBITRATION AWARD

19. The Trust Agreements, Collection Policy and CBA all require Respondent to submit to an audit by the funds. **Exhibits D-G**, Article IV, Sections 3-4; **Exhibit H**, Section IV(1); **Exhibit I**, Article XV, Section 1.

20. The Trust Agreements, Collection Policy and CBA all require the Respondent to submit to arbitration for any disputes involving the payment of delinquent contribution. **Exhibits D-G**, Article VII, Section 15; **Exhibit H**, Section VI(1); **Exhibit I**, Article XV, Section 7.

21. As set forth in the CBA, "[i]n the event that proceedings are instituted before an arbitrator . . . to collect delinquent contributions to Benefit Fund or Funds, and if such arbitrator renders an award in favor of such Fund(s), the arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under the Agreement and Declaration of Trust establishing such Fund(s)." **Exhibit I**, Article XV, Section 6(b).

22. The CBA further states:

> In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s), in accordance with the judgment of the court, and in lieu of any other liquidated damages, costs, attorney's fees and/or interest, the following:
>
>     (1) the unpaid contributions; plus
>     (2) interest on the unpaid contributions determined at the prime rate of Citibank plus two (2%) percent; plus
>     (3) an amount equal to the greater of –
>         (a) the amount of the interest charges on the unpaid contributions as determined in (b) above, or
>         (b) liquidated damages of twenty (20%) percent of the amount of the unpaid contributions; plus
>     (4) reasonable attorney's fees and costs of the action; and
>     (5) such other legal or equitable relief as the court deems appropriate.

*Id.*, Article XV, Section 6(a).

23. The Collection Policy states that interest owed by a delinquent employer shall be calculated at the prime lending rate of Citibank plus 200 basis points, compounded daily, on a declining principal basis and shall accrue from the date the contributions were due to the date when payment of the contributions is received. As long as any amount remains unpaid on a delinquency, further interest continues to accrue daily on the outstanding balance. *See* **Exhibit H**, Section V(1).

24. Here, Petitioners conducted an audit of Respondent's books and records for the period April 23, 2010 through May 15, 2013 in order to determine whether Respondent had remitted the proper amount of contributions to the Funds. The audit revealed that Respondent failed to remit contributions in the principal amount of $128,245.68.

25. Pursuant to the CBA and Trust Agreements, Petitioners initiated arbitration before the designated arbitrator, Roger E. Maher. Petitioners noticed said arbitration by mailing a Notice

of Hearing to the Respondent at its last known address by regular and certified mail. A copy of the Notice of Hearing is annexed hereto as **Exhibit J**.

26. Thereafter, the arbitrator held a hearing and, on October 31, 2015, he rendered his award (the "Award"). A copy of the Award is annexed hereto as **Exhibit K**.

27. The arbitrator found that Respondent violated the CBA when it failed to furnish proper records when requested by the Funds, and ordered Respondent to pay the Funds $203,821.55, which consisted of: (1) delinquent contributions in the amount of $128,245.68 with interest to accrue at the rate of 5.25% from the date of the Award, (2) interest accumulated up to the date of the award in the amount of $23,677.95, (3) liquidated damages in the amount of $27,187.62, (4) late payment interest of $1,914.37, (5) promotion fund pay of $284.04, (6) court costs of $400.00, (7) attorneys' fees of $1,500.00, (8) the arbitrator's fee of $500.00, (9) audit costs of $12,255.00, (10) non-audit late payment interest of $6,508.53, (11) additional outstanding shortages of $1,033.92, (12) interest thereon of $105.74, (13) liquidated damages on the outstanding shortages of $206.78 and (14) promotional fund payments of $1.92. *Id.*

28. As of the date of this Petition, Respondent has failed to pay any portion of the Award.

29. The Award has not been vacated or modified and no application for such relief is currently pending.

30. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to both Article XVIII, Section 19(c) of the CBA and Section 502(g) of ERISA, 29 U.S.C. § 1132(g). *See* **Exhibit I**.

31.     The Collection Policy further states that "[a]ttorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spend by Collection Counsel in collection efforts . . . ." **Exhibit H**, Section V(6).

32.     Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are annexed hereto as **Exhibit L**.

33.     I, Jonathan Roffe ("JR") in the accompanying billing records), am a 2014 graduate of Benjamin N. Cardozo School of Law and an associate at V&A.  My primary practice area is representation of multiemployer employee benefit plans in ERISA litigation.  V&A billed my time at a rate of $225 per hour for work performed in connection with this matter.  *Id.*

34.     Todd Dickerson ("TD") in the accompanying billing records), is a 2013 graduate of the University of Illinois College of Law and an associate at V&A.  Ever since his graduation, Mr. Dickerson has regularly represented plaintiffs in labor and employment lawsuits in both state and federal court.  V&A billed Mr. Dickerson's time at a rate of $225 per hour for work performed in connection with this matter.  *Id.*

35.     V&A billed its legal assistants' time at a rate of $100 per hour for work performed in connection with this action.  *Id.*

36.     All of the above-referenced rates are the result of negotiations between V&A and the Funds regarding the proper hourly rates to compensate V&A's attorneys and legal assistants for their services.

37.     V&A's total billings in this matter amount to $3,172.50 reflecting 14.1 hours of work.  *Id.*

38.     In addition, V&A will advance $70.00 in service fees in connection with this matter. V&A will also advance $400.00 in court filing fees upon the filing of the instant petition.

**WHEREFORE,** Petitioners respectfully request that this Court:

(1)     Confirm the Award in all respects;

(2)     Award judgment in favor of the Petitioners and against Respondent in the amount of $203,821.55 pursuant to the Award plus interest from the date of the Award through the date of judgment with interest to accrue at the daily compound rate of 5.25% from the date of the Award;

(3)     Award judgment in favor of the Petitioners and against Respondent in the amount of $3,172.50 in attorneys' fees and $470.00 in costs arising out of this Petition; and

(4)     Award Petitioners such other and further relief as is just and proper.

Dated:  New York, New York            Respectfully submitted,
        January 13, 2016

                                      **VIRGINIA & AMBINDER, LLP**


                                      By:     /s/ Jonathan Roffe
                                              Jonathan Roffe
                                              40 Broad Street, 7th Floor
                                              New York, New York 10004
                                              Telephone: (212) 943-9080
                                              Fax: (212) 943-9082
                                              *Attorneys for Petitioners*